| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 6th St., Boulder, CO 80302; 303-441-3750 | |
|---|---|
| | DATE FILED: October 12, 2021 12:17 PM<br>FILING ID: 72EF6E3DD5225<br>CASE NUMBER: 2021CV30762 |
| Plaintiff: DALTON SHERRETS<br><br>v.<br><br>Defendants: CARL BUECHLER & CEE KAY MOTOR FREIGHT | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br>Jim Pagano, #39508<br>Law Office of Jim Pagano, LLC<br>801 Main Street, Suite 10<br>Louisville, CO 80027<br>Telephone: 720-273-2752<br>Facsimile: 720-600-6816<br>E-Mail: jim@jplawllc.com | Case No.<br><br><br>Division: |
| CIVIL COMPLAINT | |

Plaintiff submits this Civil Complaint and states the following grounds:

JURISDICTION AND VENUE

1. Dalton Sherrets is and was at the time of the subject collision a Colorado resident.

2. Upon information taken from the traffic accident report, Carl Buechler was a resident of Montana at the time of the subject collision.

3. Upon information taken from the traffic accident report, Cee Kay Motor Freight was the registered owner of the semi-trailer truck involved in the subject collision and Defendant Buechler's employer at the time of the subject collision with a principal address of PO Box 463, Lyndhurst, New Jersey, 07071.

**EXHIBIT B**

4. Because no defendant is a resident of Colorado, venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) and *Denver Air Center v. District Court,* 839 P.2d 1182, 1184 (Colo. 1992).

FACTUAL ALLEGATIONS

5. On October 13, 2018, Plaintiff was a passenger in a Chevrolet Malibu driven and owned by Kirsten Pollock.

6. Defendant Buechler was driving a Peterbilt semi-trailer truck, owned by Defendant Cee Kay.

7. Ms. Pollock was driving behind Defendant Buechler in the right-hand lane of WCR 49, prior to the subject collision.

8. Defendant Buechler moved to the left-hand lane without signaling.

9. Defendant Buechler then made an abrupt right-hand turn onto a private drive, blocking Ms. Pollock's right-of-way.

10. Ms. Pollock was unable to avoid colliding with the passenger-side of the Peterbilt's power unit.

11. Defendant Buechler failed to signal his turn or failed to engage his turn signal in time to give other vehicles notice that he was making a right-hand turn from the left-hand lane of WCR 49.

12. The collision injured Mr. Sherrets, including a burst fracture of his cervical vertebra.

13. Upon information and belief, Defendant Buechler was acting within the course and scope of his employment with Defendant Cee Kay when he caused the subject collision.

**EXHIBIT B**

14. Defendant Buechler caused the subject collision when he failed to properly use his turn signal and made a right-hand turn from the left-hand lane, drove in a careless impudent manner, and failed to consider the safety of others, particularly that of Plaintiff.

15. As a passenger, Plaintiff was not comparatively negligent at the time of the collision.

16. As a passenger, Plaintiff did not cause the subject collision.

17. As a direct and proximate result of Defendant Buechler's negligent conduct, Plaintiff has and will continue to suffer economic expenses, losses, and damages, including without limitation past and future medical expenses, rehabilitation expenses, wage loss, and mileage costs.

18. As a direct and proximate result of Defendant Buechler's negligent conduct, Plaintiff has and will continue to suffer non-economic expenses, losses, and damages, including without limitation past and future pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

19. As a direct and proximate result of Defendant Buechler's negligent conduct, Plaintiff has and will continue to suffer physical impairment and disfigurement.

FIRST CLAIM FOR RELIEF: NEGLIGENCE AGAINST DEFENDANT BUECHLER

20. Defendant Buechler owed Plaintiff a duty of reasonable care in the operation of the Peterbilt.

21. When Defendant Buechler caused the subject collision, he breached that duty of care.

22. Defendant Buechler breached his duty of care by failing to use his turn signal, failing to use his turn signal in sufficient time to give notice of his turn to others, making a right-

**EXHIBIT B**

hand turn from the left-hand lane, failing to maintain a proper lookout, failing to yield the right-of-way to Ms. Pollock, and by driving carelessly.

23. These breaches directly and proximately caused Plaintiff's injuries.

24. Defendant Buechler's breaches caused Plaintiff to sustain damages and losses.

SECOND CLAIM FOR RELIEF: NEGLIGENCE PER SE AGAINST DEFENDANT BUECHLER

25. When Defendant Buechler caused the subject collision, he violated multiple municipal ordinances and Colorado Statutes and industry safety standards regarding the use of turn signals and turning from a roadway.

26. Plaintiff is a member of the class for whose protection these ordinances, statutes and standards were established and/or enacted.

27. The subject collision and resulting injuries to Plaintiff are the type of incidents and injuries that the ordinances, statutes, and standards were established/enacted to prevent.

28. Defendant Buechler's conduct in causing the collision constitutes negligence *per se.*

29. Defendant Buechler's above-described violations of the ordinances, statutes and standards caused Plaintiff to sustain the damages and losses described above.

THIRD CLAIM FOR RELIEF: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT CEE KAY MOTOR FREIGHT

30. Upon information and belief, at the time of the subject collision, Defendant Buechler was an agent and/or employee of Defendant Cee Kay.

31. Upon information and belief, at the time of the subject collision, Defendant Buechler was acting within the course and scope of his agency/employment with Defendant Cee Kay.

32. Defendant Buechler's conduct in causing the subject collision are by law deemed the acts/omissions of Defendant Cee Kay.

WHEREFORE, Dalton Sherrets prays for judgment against Defendants Carl Buechler and Cee

**EXHIBIT B**

Kay Motor Transport in an amount to be determined by the trier-of-fact for his losses as set forth above and for costs, expert witness fees, filing fees pre-and post-judgment interest, and such other relief deemed proper by the Court.

DATED: October 12, 2021.

SIGNATURE ON FILE
/s/ Jim Pagano
Jim Pagano
Attorneys for Plaintiff

Plaintiff's Address:
4020 Goodell Ln, Apt. 1
Fort Collins, CO 80526

**EXHIBIT B**