IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00551-PAB

DALTON SHERRETS,

    Plaintiff,

v.

CARL BUECHLER, and
CEE KAY MOTOR FREIGHT,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Carl Buechler. Mr. Buechler asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 12.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Mr. Buechler asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 12. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. The allegations regarding the citizenship of plaintiff and Mr. Buechler, however, are not well-pled.

The Notice of Removal cites the complaint and states, "[p]laintiff is a citizen of Colorado," Docket No. 1 at 4, ¶ 13 (citing Docket No. 1-2 at 1, ¶ 1), and Mr. Buechler is a "citizen of the state of Montana." *Id.*, ¶ 14 (citing Docket No. 1-2 at 1, ¶ 2). The complaint, however, states that plaintiff is "a Colorado resident," Docket No. 1-2 at 1,

¶ 1, and that, "[u]pon information taken from the traffic accident report, Carl Buechler was a resident of Montana at the time of the subject collision." *Id.*, ¶ 2. Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Moreover, the traffic accident report provides no support for defendant's allegations of citizenship. Citizenship is determined at the time of filing, not the time of

the accident. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *Macias v. Twin City Fire Ins. Co.*, No. 19-cv-00742-PAB, 2019 WL 1594255, at *1 (D. Colo. Apr. 15, 2019) (finding that police report from underlying accident listing defendant's address was insufficient to prove defendant's citizenship).

Finally, it is unclear whether Mr. Buechler has complied with 28 U.S.C. § 1446. Section 1446 states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Mr. Buechler indicates that, upon information and belief, Cee Kay Motor Freight ("Cee Kay") was served on December 1, 2021. Docket No. 1 at 2, ¶ 5. However, Mr. Buechler does not indicate whether Cee Kay consents to removal. *See generally id.*[1]

---

[1] Although Mr. Buechler provides no relevant allegations on the issue, the state-court documents attached to the notice of removal indicate that the state court entered default judgment against Cee Kay. *See* Docket No. 7. The Tenth Circuit has not addressed whether there is an unanimity exception when the non-consenting defendant is in default; however, numerous courts have rejected such a proposition. *See, e.g.*, *Swanson v. JSR Trucking Inc.*, 2019 WL 2121364, at *2 (D.N.M. May 15, 2019), *report and recommendation adopted*, 2019 WL 2392909 (D.N.M. June 6, 2019); *Grimes v. Amtec Corp.*, 2012 WL 3773397, at *9 (N.D. Ala. July 30, 2012) ("noting that removal statutes must be construed narrowly, along with the public policy favoring the setting aside of default judgments, the court finds that the lack of consent or an explanation in the notices of removal for the lack of consent is yet another reason to remand this action"), *report and recommendation adopted*, 2012 WL 3772508 (N.D. Ala. Aug. 28, 2012); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698 (D.N.J. 2011) (rejecting the argument that a defaulting party is a nominal defendant and thus an exception to the rule and thus remanding because the case had been removed without the consent of the defaulting party); *Off. Bldg., LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963 (S.D. Fla. May 3, 2011) (holding that so long as the defaulted party remains part of the lawsuit, even after final default judgment was entered against it, failure to obtain its

Courts understand § 1446 to mean that "a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996); *see also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.").  A removal that does not comply with the express statutory requirements for removal "can fairly be said to render the removal 'defective' and justify a remand."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 WL 3454976, at * 3 (D. Colo. July 18, 2018).  Because removal is entirely a statutory right, the relevant procedures must be followed.  *See Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988).  Thus, "[t]he failure of all defendants to consent to removal will result in remand." *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1254–55 (D.N.M. 2017).

---

consent renders removal defective); *Carr v. Mesquite Indep. Sch. Dist.*, 2004 WL 1335827, at *4 (N.D. Tex. June 14, 2004) (remanding where the removing defendant failed to acquire the consent of party against whom plaintiff had taken an interlocutory default judgment); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1304 (N.D. Fla. 2004) ("The Destiny defendants could have filed a consent to removal in the state court even after the entry of default without waiving any challenge to personal jurisdiction. . . . [T]he Bombardier defendants have made no showing that they have made any effort to contact the Destiny defendants to obtain their consent. . . .  Absent a showing by the Bombardier defendants that, despite the exercise of reasonable diligence, the Destiny defendants could not be located to obtain their consent to removal, such consent remained required, despite the entry of default against the Destiny defendants."). Moreover, defendants who have been found in default are not nominal parties.  *See, e.g.*, *Vill. Apartments Co., L.P. v. Asset Shelters Grp., Inc.*, 2008 WL 11414603, at *5 (D.N.M. Apr. 29, 2008) ("Because Kahn is not a nominal party, he was required to join the notice of removal unless he had not been served with process at the time the case was removed.").

5

Additionally, the unanimity rule requires that, "[w]here there are multiple defendants, all defendants served at the time of filing must join in the notice of removal." *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (citing *Cornwall*, 654 F.2d at 686). Courts have also required that, to join a notice of removal, the support must be in writing. *See, e.g.*, *Roybal v. City of Albuquerque*, 2008 WL 5991063, at *2 (D.N.M. Sept. 24, 2008); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996). The lack of unanimous consent, however, is a procedural defect, not a jurisdictional defect. *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (unpublished) (citing *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997)); *see also Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982).

Because the allegations regarding the citizenship of plaintiff and Mr. Buechler are not well-pled, the Court is unable to determine plaintiff's or Mr. Buechler's citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). Moreover, it is unclear whether Mr. Buechler has complied with the removal requirements. *See, e.g.*, *Lopez v. Lowe's Home Centers LLC.*, No. 21-cv-03487-PAB, 2022 WL 59118, at *2 (D. Colo. Jan. 6, 2022). It is therefore

**ORDERED** that, on or before **April 25, 2022**, defendant Carl Buechler shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED April 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge